```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/28/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                               :

CHAPA BLUE, LTD,                      :

              Plaintiff,          :

                                 :         24-cv-0875 (LJL)

     -v-                       :

                                 :       MEMORANDUM AND

MT. HAWLEY INSURANCE COMPANY,  :         ORDER

                                 :

             Defendant.       :

                                 :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Chapa Blue, Ltd ("Plaintiff") moves to compel an appraisal in this property insurance dispute, and "to abate judicial proceedings" pending the completion of the appraisal process. Dkt. No. 9.

For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff filed this lawsuit in the County Court of Hidalgo County, Texas, on August 29, 2023, alleging that, on April 29, 2023, as a result of hail/windstorm events, property that it owned in Pharr, Texas, which was covered by insurance issued by Defendant Mt. Hawley Insurance Company ("Defendant"), sustained damage. Dkt. No. 1-1. On June 6, 2023, after hiring an independent adjuster, engineer, and building consultant to investigate the damage, Defendant denied coverage for the claimed loss on the basis that the "damage to the property [was] due to wear and tear and interior water damage from rainwater that entered the building through wear and tear, improper installation, and lack of maintenance." Dkt. No. 13-1. Defendant reported that its investigator had determined that "the water damage to the property [was] due to preexisting openings in the roof and not related to wind or hail." *Id.* In its petition

to the state court, Plaintiff alleged that Defendant violated the insurance policy issued by Defendant to Plaintiff when Defendant "denied and/or delayed payment of Plaintiff's covered claims."  Dkt. No. 1-1 at ECF pp. 6–7.

Defendant was served with Plaintiff's petition on September 5, 2023, Dkt. No. 1 ¶ 2, and removed the case to the United States District Court for the Southern District of Texas on September 25, 2023, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Dkt. No. 1.

Defendant answered on October 2, 2023.  Dkt. No. 5.  Defendant asserted the affirmative defense that "Plaintiff is not entitled to any payment or recovery under the Mt. Hawley Policy because the Property did not sustain a covered loss or damage.  Mt. Hawley's claim investigation revealed no evidence of a covered loss."  *Id.* at 4 (Second Affirmative Defense).  That same day Defendant also moved for the District Court for the Southern District of Texas to transfer the case to this Court under 28 U.S.C. § 1404(a), on the basis of the insurance policy's forum selection clause, which provides that any litigation commenced by an insured shall be initiated in New York.  *Id.* at 5 (Third Affirmative Defense); Dkt. No. 4.

On October 19, 2023, while the motion to transfer the case remained outstanding, Plaintiff invoked the appraisal provision of the insurance policy.  Dkt. No. 9 ¶ 2.  On October 25, 2023, the day that the motion to transfer became fully submitted, Plaintiff filed an "opposed motion to compel appraisal and to abate judicial proceedings" pending completion of the appraisal, on the basis of the appraisal provision in the insurance policy.  Dkt. No. 9.  Defendant submitted a response in opposition to the motion on November 15, 2023, Dkt. No. 13, and Plaintiff filed a reply in further support of the motion on November 16, 2023, Dkt. No. 14.  On February 2, 2024, without having ruled on the opposed motion to compel appraisal and to abate

judicial proceedings, the District Court for the Southern District of Texas granted Defendant's

motion to transfer, and the case was ordered transferred to this Court.  Dkt. No. 18.

This Court held an initial conference on February 20, 2024, at which counsel for each

party was present.  At that conference, Plaintiff asked this Court to rule upon the still outstanding

motion to compel appraisal and to abate judicial proceedings.  The Court now does so and denies

the motion.

## DISCUSSION

The insurance policy contains a choice-of-law provision stating that it is governed by

New York law.  Dkt. No. 13-2 at ECF p. 83.[1]  Under New York law, "[a]n insurance agreement

is subject to principles of contract interpretation."  *Burlington Ins. Co. v. NYC Transit Auth.*, 79

N.E.3d 477, 481 (N.Y. 2017) (quoting *Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh, Pa.*, 37 N.E.3d 78, 80 (N.Y. 2015)).  "As with the construction of contracts

generally, 'unambiguous provisions of an insurance contract must be given their plain and

ordinary meaning, and the interpretation of such provisions is a question of law for the court.'"

*Vigilant Ins. Co. v. Bear Stearns Cos., Inc.*, 884 N.E.2d 1044, 1047 (N.Y. 2008) (quoting *White*

*v. Continental Cas. Co.*, 878 N.E.2d 1019, 1021 (N.Y. 2007)).  "[C]ourts should read a contract

as a harmonious and integrated whole to determine and give effect to its purpose and intent."

*Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Cap., Inc.*, 92 N.E.3d

---

[1] Defendant asserted in its response in opposition to the motion that New York substantive law governs this dispute, citing the choice-of-law provision in the insurance policy.  Dkt. No. 13 at 2, 5.  In its reply brief in further support of its motion, Plaintiff cited exclusively to Texas law, but did not directly rebut Defendant's argument that New York law applies to the interpretation of the appraisal provision.  *See* Dkt. No. 14.  At the initial pretrial conference, the Court gave Plaintiff the opportunity to submit further authority in support of the motion in light of the case's transfer to New York.  Plaintiff eschewed that opportunity.  Accordingly, the Court deems any argument that substantive law other than New York law applies to the appraisal provision to be abandoned for purposes of this motion.

743, 747 (N.Y. 2017) (internal quotation marks omitted); *see Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 322 (S.D.N.Y. 2020).

Plaintiff's motion to compel an appraisal is predicated upon the appraisal clause of the insurance policy.  The appraisal clause reads as follows:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree on an umpire, either may request that selection be made by a judge of a federal court having jurisdiction.  The appraisers will state separately the amount of loss, including an itemized determination of (1) the actual cash value for each damaged item included in the claim, and (2) the replacement costs value, if applicable under the policy, for each damaged item included in the claim.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding, and the decision must be itemized as specified in (1) and (2) above.  Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.
>
> Under no circumstances is appraisal allowed under this policy to determine causation or the existence or non-existence of coverage.  Appraisal is also not allowed where coverage for the claimed loss has been denied in its entirety.  You cannot invoke appraisal after suit has been filed.

Dkt. No. 13-2 at ECF p. 82.

Under the clear and unambiguous language of the appraisal provision, Plaintiff is not entitled to avail itself of the appraisal provisions of the policy where, as here, Defendant has denied coverage for the claimed loss in its entirety.  *Cf. Zar Realty Mgmt. Corp. v. Allianz Ins. Co.*, 2003 WL 1744288, at *4 (S.D.N.Y. Mar. 31, 2003) ("[I]n light of defendant's repudiation of liability in its March 11, 2002 letter, defendant's motion to compel plaintiffs' compliance with the policy's appraisal provision must be denied as to those losses and damages rejected by that letter.").  Moreover, the policy also is clear that Plaintiff cannot sue first and then ask for an

appraisal later.  The appraisal provision of the insurance policy thus does not require Defendant to partake in an appraisal process.

Such a reading of the appraisal provision is consistent with New York law, under which an "appraisal clause only applies to a case with a disagreement 'as to the amount of loss or damage', and not where the insurer denies liability."  *Kawa v. Nationwide Mut. Fire Ins. Co.*, 664 N.Y.S.2d 430, 431 (N.Y. Sup. Ct. 1997); *see also Richardson v. Merrimack Mut. Fire Ins. Co.*, 2000 WL 297171, at *5 (S.D.N.Y. Mar. 21, 2000) ("[T]he appraisal clause only applies to a case where the disagreement is to the amount of loss or damage and not where a company denies liability."); *Maimes v. Auto. Ins. Co. of Hartford, Conn.*, 183 N.Y.S. 690, 691 (N.Y. Sup. Ct. 1920), *aff'd*, 187 N.Y.S. 943 (1921); *cf. Flaharty v. Allstate Ins. Co.*, 2010 WL 148226, at *3 (N.D. Fla. Jan. 22, 2010).[2]  "The rationale underlying this rule is that disputes arising from questions of coverage or liability are purely legal issues, which should be left to the courts rather than an appraisal process, which 'is limited to factual disputes over the amount of loss for which an insurer is liable.'"  *Secord v. Chartis Inc.*, 2010 WL 5563849, at *10 (S.D.N.Y. Dec. 8, 2010), *report and recommendation adopted in part, rejected in part*, 2011 WL 814743 (S.D.N.Y. Mar. 7, 2011) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005)).  "Furthermore, under New York law, an insurer 'contests liability and is not merely

---

[2] The Court recognizes that under Texas law a dispute as to coverage will not preclude appraisal even where questions of liability have not been finally resolved.  *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894–95 (Tex. 2009) ("Even if the appraisal here turns out to involve not just damage but liability questions, that does not mean appraisal should be prohibited as an initial matter. . . .  [I]n most cases appraisal can be structured in a way that decides the amount of loss without deciding any liability questions.").  Even under Texas law, however, the appraisal is required to take place before suit is filed.  *Id.* at 894 ("[A]ppraisal is intended to take place before suit is filed; this Court and others have held it is a condition precedent to suit.").  Here, Plaintiff initiated litigation months before requesting that a court compel appraisal.  And, as previously discussed, Plaintiff waived argument with respect to the substantive law applicable to interpretation of the insurance policy.

disagreeing as to the value of the loss,' when the insurer argues that the damage to insured property was 'the result of age, wear and tear and/or poor or improper maintenance . . . [and/or] prior efforts to repair.'" *Secord*, 2010 WL 5563849, at *10 (quoting *Kawa*, 664 N.Y.S.2d at 431) (alteration in original).  Here, Defendant denies coverage on the basis that the loss was as a result of wear and tear and poor and improper maintenance.  For that additional reason, the dispute is not subject to appraisal.

## CONCLUSION

The motion to compel an appraisal and to abate judicial proceedings is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 9.

SO ORDERED.

Dated: February 28, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge