```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
CHAPA BLUE, LTD,                                               :
                                                               :
                               Plaintiff,                      :
                                                               :         24-cv-875 (LJL)
        -v-                                                    :
                                                               :     MEMORANDUM AND
MT HAWLEY INSURANCE COMPANY,                                   :         ORDER
                                                               :
                               Defendant.                      :
                                                               :
---------------------------------------------------------------:
                                                               X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff Chapa Blue, Ltd. has filed a motion to enforce the settlement agreement and for attorneys' fees. Dkt. No. 45. On October 21, 2024, Defendant filed a response in opposition to Plaintiff's motion. Dkt. No. 46. Defendant's response states that a formal settlement agreement has now been finalized and that a settlement check "should be in Plaintiff's possession before the end of the month." *Id.* at 2. Plaintiff filed a reply on October 22, 2024 and an amended reply the same day in further support of its request for attorneys' fees. Dkt. Nos. 47–48. Plaintiff's reply does not dispute that a formal settlement agreement has been finalized. *Id.*

The Court dismissed this case on August 7, 2024, after being informed that the parties had reached a settlement in principle. Dkt. No. 44. The order of dismissal advised the parties that the action could be restored to the Court's calendar if an application to restore was made within thirty days, but further gave notice that an application to reopen made more than thirty days after the date of the order could be denied solely on that basis. *Id.* No application to restore the case was made within 30 days. Plaintiff filed the instant motion on October 8, 2024—more than sixty days after the order of dismissal. Dkt. No. 45.

Plaintiff's motion to enforce the settlement is moot in light of the finalized settlement agreement. Even if the issue was not moot, the Court lacks jurisdiction to entertain Plaintiff's motion to enforce the settlement. *See Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375 (1994); *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). Plaintiff has not made a motion to restore the case to the Court's calendar. Nor did the Court's order of dismissal "either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson*, 791 F.3d at 358. Federal Rule of Civil Procedure 54(d)(2) permits a party to make a motion for attorney's fees after the entry of judgment. Fed. R. Civ. P. 54(d)(2). But that rule presumes (1) that the fees relate to a judgment that has been entered; and (2) that the motion is made no later than fourteen days after entry of judgment. Fed. R, Civ. P. 54(d)(2)(B)(i). Here, the Court has no jurisdiction to enter a judgment on the motion to enforce the settlement agreement. The Court accordingly also lacks jurisdiction to entertain and to grant Plaintiff's motion for attorneys' fees. *See McGinty v. New York*, 251 F.3d 84, 100 (2d Cir. 2001) (where a court lacks subject matter jurisdiction as to the underlying claim, it lacks jurisdiction to award attorneys' fees); *W.G. v. Senatore*, 18 F.3d 60, 64–65 (2d Cir. 1994).

Plaintiff's motion is denied without prejudice for lack of jurisdiction. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 45.

SO ORDERED.

Dated: October 22, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge